**Petition for Writ of Mandamus Denied and Majority and Dissenting Memorandum Opinions filed November 19, 2020.**



In the

# Fourteenth Court of Appeals

### NO. 14-20-00561-CV

### IN RE SCHKEREZADE MIDKIFF, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-07161**

---

## DISSENTING MEMORANDUM OPINION

The court should not reach the merits and deny this petition without a record on which to base its decision.[1] Regardless of whether this court either (1) notifies

---

[1] *In re Norvell*, No. 14-20-00648-CV, 2020 WL 5902928, at *1 (Tex. App.—Houston [14th Dist.] Oct. 6, 2020, orig. proceeding) ("Absent extraordinary circumstances, we see no reason not to follow the same procedure in original proceedings that are civil in nature. Regardless of whether the case is brought to the court of appeals by an appeal or an original procedure, it is fundamental that the court have a proper record before reaching the merits."); *In re Hughes*, 607 S.W.3d 136, 138 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (dismissing without prejudice when record is deficient). The court ignores this precedent.

the relator that the petitions will be dismissed unless they are supplemented to comply with the Texas Rules of Appellate Procedure[2] or (2) dismisses without prejudice to refiling, the court should respect procedural due process and due course of law and not reach the merits without the record the rules require.

Is constitutional procedural due process and due course of law the most "efficient" way to run a judicial system? Perhaps not, but judges are elected to follow the law (including the rules), not pick and choose what works for them. If the court wants to suspend the rules, then it should be transparent and invoke Texas Rule of Appellate Procedure 2 and explain why that action is appropriate. *See Hughes*, 607 S.W.3d at 137 n.1. Otherwise, there is the appearance that the court treats the rules as mere suggestions.

To the extent the court wants to be more "user friendly" and "efficient," there are ways to do that without ignoring the rules. I strongly support such efforts.[3] What

---

[2] Tex. R. App. P. 52.3(j) (relator's certification), 52.3(k)(1) (appendix), 52.7(a)(1) (documents in record), and 52.7(a)(2) (transcript or statement regarding testimony in record). All of these are things relator "must" do. The Code Construction Act, which applies to rules adopted under a code, states "'Must' creates or recognizes a condition precedent." Tex. Gov't Code Ann. §§ 22.004 (civil procedure rulemaking power for supreme court), 311.002(4), 311.016(3).

Here, the petition does not contain (1) in the appendix a copy of the trial court's contested September 13, 2019 order and (2) certification that relator or her counsel has read the petition and concluded that the factual statements in the petition are supported by competent evidence in the record. *See* Tex. R. App. P. 52.3(k), (j). How can this court reach the merits when the contested order is not in the record?

[3] We could modify eFileTexas.gov to help litigants and lawyers comply with mandatory procedural rules that are understandably and frequently missed, hopefully reducing problematic filings. The United States Courts of Appeals have varying degrees of guidance on PACER (pacer.uscourts.gov) to assist litigants and lawyers in filing in compliance with the rules. There appears to be no reason for not doing the same in Texas courts other than cost and the willingness to improve the system.

I do not support is ignoring the procedural-due-process and due-course-of-law requirements written into our rules.

Chief Justice Calvert counseled against ignoring "sound principles of law" and instead deciding a case on "the practicabilities of a situation," explaining that "intellectual integrity ought to be the individual judge's most compelling force; and when in [the judge's] honest judgment sound rules of law are sacrificed to practicability and expediency, failure to protest is dereliction of duty." *Shepherd v. San Jacinto Junior Coll. Dist.*, 363 S.W.2d 742, 760 (Tex. 1962) (Calvert, C.J., dissenting).

While I agree with my colleagues that "[r]elator has not established that she is entitled to mandamus relief," I do so based on a procedural rule that—unless explicitly suspended—is not discretionary.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Christopher, Spain, and Poissant.